**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN DIEGO DUARTE ESTRADA,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-06147-JLT-FJS<br>A-Number: 240-173-893<br>ORDER DENYING THE PETITION FOR HABEAS CORPUS; DENYING PETITIONER'S REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT<br>(Docs. 1, 4) |

## I. INTRODUCTION

Before the Court is Juan Diego Duarte Estrada's request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) Respondents filed a response to the TRO and the underlying petition, asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E) because he has multiple pending criminal charges related to theft. (*See generally,* Doc. 6.) Having carefully considered the parties' submissions, and for the reasons set forth below, the Court **DENIES** the petition for writ of habeas corpus.

## II. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is citizen of Mexico who entered the United States as a three-year old at an unknown time and place. (Doc. 1 at 20; Doc. 9-1 at 1. ) On December 4, 2025, Petitioner was arrested for the following theft related offenses: Cal. Veh. Code § 10801 (operating a "chop

shop"), Cal. Veh. Code § 10851(A) (vehicle theft), Cal. Pen. Code § 496(D) (possession of a stolen vehicle), and Cal. Pen. Code § 496(A) (receiving stolen property). (Doc. 9-1 at 3; *See* Doc. 9-4, FBI "RAP" Sheet.) Petitioner was formally charged on December 11, 2025, and the charges remain pending. (Doc. 9-2 at 5-6.) On July 15, 2026, Petitioner was taken into immigration custody and served with a Notice to Appear, charging him as removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 9-5.) Petitioner has been detained for approximately one month at the Golden State Annex Detention Facility in McFarland, California. (Doc. 1 at 2.)

On August 3, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting, *inter alia,* that his due process rights have been violated. (Doc. 1 at 16.) In opposition, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E). (*See generally*, Doc. 6.)

## III. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 16.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482

(1999).

## IV. DISCUSSION

Section 236 of the Immigration and Nationality Act, 8 U.S.C. § 1226, governs the apprehension and detention of noncitizens whose removal proceedings are pending. *Prieto-Romero v. Clark*, 534 F.3d 1053, 1057 (9th Cir. 2008) ("Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention.")

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(E), otherwise known as the Laken Riley Act, because Petitioner's arrest for vehicle theft "falls within section 1226(c)(1)(E)(i)–(ii)." (Doc. 9 at 3.) Section 1226(c)(1) provides that the "Attorney General shall take into custody any alien who—"

> (E)(i) is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; and
>
> (ii) is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person

8 U.S.C. § 1226(c)(1)(E)(i)–(ii). And "[f]or purposes of paragraph (1)(E), the terms 'burglary', 'theft', 'larceny', 'shoplifting', 'assault of a law enforcement officer', and 'serious bodily injury' have the meanings given such terms in the jurisdiction in which the acts occurred." 8 U.S.C. § 1226(c)(2).

To avoid "serious due process concerns," "courts have construed the Laken Riley Act to apply only where an individual is currently charged with or arrested for the enumerated crimes[.]" *Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026). Thus, "mandatory detention is not required when charges are never filed, *Helbrum v. Williams Olson*, No. 4:25-cv-00349-SHL-SBJ, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025), or where an individual has been acquitted, *E.C. v. Noem*, No. 2:25-cv-01789-RFB-BNW, 2025 WL 2916264, at *10 (D. Nev. Oct. 14, 2025)." *Singh*, 2026 WL 266021, at *2.

This Court has already found that at least two of the Petitioner's criminal charges – Cal.

Veh. Code § 10851(A) for vehicle theft and Cal. Pen. Code § 496(A) for possessing a stolen vehicle – qualify as enumerated "theft" offenses under 8 U.S.C. § 1226(c)(1)(E). *Singh v. Warden of California City Corr. Ctr. Facility*, No. 1:26-CV-01936-JLT-SAB-HC, 2026 WL 1362615 (E.D. Cal. May 15, 2026), *report and recommendation adopted sub nom. Singh v. Warden of California City Corr. Ctr.*, No. 1:26-CV-01936-JLT-SAB (HC), 2026 WL 1831068 (E.D. Cal. June 25, 2026); *see Rohit Lnu v. Chestnut*, 1:26-cv-00016-JLT-SAB, 2026 WL 395882, at *1, 4 (E.D. Cal. Feb. 12, 2026) (dealing with an arrest for petty theft in violation of California Penal Code § 484(a) and finding that, on its face, it appeared to qualify as an enumerated crime of theft), *report and recommendation adopted in full*, 2026 WL 623148, at *1 (E.D. Cal. Mar. 5, 2026). There is also no indication in the record that charges for these offenses were dropped or dismissed. *Cf. Singh v. Wofford, No. 1:26-cv-01161-KES-EPG* (HC), 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026) (collecting cases which have found that the Laken Riley Act ceases to apply when charges for a theft offense are dropped or dismissed).

On its face, the Laken Riley Act appears to apply to Petitioner, given that he has been charged with being inadmissible, (Doc. 9-5), and was arrested for and charged with one or more of the enumerated crimes in section 1226(c)(1)(E)(ii). (Doc. 9-2 at 5-6). Thus, the Court finds Petitioner's detention is mandatory under 8 U.S.C. § 1226(c)(1)(E) and that he is not entitled to immediate release or a bond hearing.

**V. CONCLUSION AND ORDER**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.
2. Petitioner's Motion for Temporary Restraining Order (Doc. 4) is **DENIED** as moot.
3. The Clerk of the Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _August 14, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE